UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BUDDY WEBSTER,
    Plaintiff,

v.                                                                                  CASE NO. 8:17-cv-1795-T-36TBM

DEAN GUITARS; ARMADILLO
ENTERPRISES, INC.; ARMADILLO
DISTRIBUTION ENTERPRISES, INC.;
ESTATE OF DIMEBAG DARRELL ABBOTT;
GUITAR CENTER, INC.; RITA HANEY; EMOJI
FAME; MIOP HOLDINGS, LLC d/b/a AXE
HEAVEN, and VINNIE PAUL ABBOTT,
    Defendants.
_____/

**ARMADILLO DISTRIBUTION ENTERPRISES, INC., ARMADILLO ENTERPRISES, INC., DEAN GUITARS, THE ESTATE OF DARRELL ABBOTT, AND GUITAR CENTER, INC.'S OPPOSITION TO BUDDY WEBSTER'S OPPOSED MOTION FOR LEAVE TO FILE BRIEF IN EXCESS OF 20 PAGES**

    Armadillo Distribution Enterprises, Inc., Armadillo Enterprises, Inc., Dean Guitars, the Estate of Darrell Abbott, and Guitar Center, Inc. (the Moving Defendants") submit this opposition to Plaintiff Buddy Webster's ("Webster") Motion for Leave to File Brief in Excess of 20 Pages.  For at least the reasons discussed below, there's no need or reason to grant Webster's belated request for more briefing, which would unnecessarily burden the Court and the Moving Defendants, and further delay the disposition of this case (which the Moving Defendants respectfully believe should be done on summary judgment).

**I.     RELEVANT FACTS**

    Briefing on the Moving Defendants' motion for summary judgment (filed on June 5) closed over a month ago—on July 10, 2018.  (Dkt. # 129.)  The Moving Defendants worked diligently to comply with the Local Rules and the Court's Case Management Order ("CMO")

(Dkt. # 93) to address Webster's six-count complaint (alleging copyright infringement and various federal and state-law unfair competition, invasion of privacy, and conspiracy claims) against multiple defendants in a single 25-page brief. In compliance with the CMO, the Moving Defendants incorporated facts as to which there is (or can be) no genuine dispute for trial, with pinpoint citations to the record for each fact.

Webster's opposition was originally due on June 19, 2018. Webster, however, requested a one-week extension of the deadline until June 26, 2018, to which the Moving Defendants consented. (Dkt. ## 134-35.) Webster did not seek leave to file an opposition brief in excess of the 20-page limit before his opposition deadline.

Although Webster now belatedly claims that it is "impossible" to respond to summary judgment and the facts in the Moving Defendants' brief within the Court-allotted page limits, the parties already submitted a separate statement of undisputed facts on June 26, 2018 (Dkt. # 139) and Webster filed his opposition that same day (Dkt. ## 140-143).

Webster's 18-page opposition includes a nine-page statement of facts, which does not comply with the CMO's requirement that "[b]oth the movant and the party opposing summary judgment … provide pinpoint citations to the pages and lines of the record supporting each material fact." (CMO at 6.) Apart from several deposition citations, Webster's statement of facts in his opposition brief is devoid of any record citations. Further violating the CMO, which requires that the non-movant incorporate any disputed facts as part of the 20-page opposition brief, Webster attached a 26-page "Separate Statement of Undisputed Material Facts of Buddy Webster." (Dkt. # 141.) Webster then filed a "corrected" separate statement of facts on June 29, 2018— 3 days after his deadline for the opposition. (Dkt. # 146.)

The Moving Defendants filed their reply brief on July 10, 2018. (Dkt. # 150.) Once again, they worked hard to comply with the CMO and address the arguments in Webster's opposition brief, declarations, and the non-compliant separate statement of facts in a 10-page reply brief.

On July 24, 2018, the Court issued an order striking Webster's non-compliant statement of facts. (Dkt. # 154.)

On July 27, 2018—17 days after the briefing on the summary judgment motion closed and after the Court had already struck the non-compliant statement of facts—Webster's counsel wrote to the Moving Defendants' counsel asking for their consent to file a longer brief so that the Court may consider the already-stricken statement. The Moving Defendants' counsel responded that they would oppose any such motion.

## II.   ARGUMENT

The Court's page limits/rules are proper and should be followed here. As detailed above, the Moving Defendants addressed all of the facts and arguments for summary judgment on multiple counts against multiple defendants within the allotted page limits. Webster should be held to the same standard as all other litigants before this Court.

Nor is there a legitimate need for additional pages. First, the parties already submitted a joint statement of undisputed facts. Second, Webster could have (and should have) addressed any allegedly disputed material facts as part of his opposition brief. The fact that he chose to waste nine pages of his opposition brief on a statement of facts, which neither complies with the CMO (because it is essentially devoid of any record cites) nor apparently articulates the disputed issues, is a problem of Webster's own doing. It does not warrant reopening the briefing and would waste the Court's and the Moving Defendants' time and resources.

Moreover, there is no prejudice to Webster for having to comply with the rules. He argues that many of the Moving Defendants' facts are irrelevant and unnecessary. Consequently, he states that "the body of Plaintiff's Opposition was used to address the truly material facts, such as authorship of the Work at issue, the alleged reputation [sic] of ownership, and the scope of any implied license by Webster to use his image. These are the facts that affect the outcome of the motion before the Court." (Dkt. # 154.) Having done so, there's no need for further briefing. On the other hand, it would be highly-prejudicial to the Moving Defendants if the Court allowed Webster to submit a longer brief, which does not comply with the CMO, over a month after the briefing on summary judgment has closed.

### III. CONCLUSION

For the above reasons, the Moving Defendants respectfully request that Webster's motion for leave to file an opposition brief in excess of 20 pages be denied.

Dated:  August 21, 2018                    Respectfully submitted,

/s/ *Anna B. Naydonov*
Anna B. Naydonov (*pro hac vice*)
 anna.naydonov@finnegan.com
Douglas A. Rettew (*pro hac vice*)
 doug.rettew@finnegan.com
Margaret Esquenet *(pro hac vice)*
 margaret.esquenet@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
Tel.:   202.408.4000
Fax:   202.408.4400

Anne C. Leonard
Florida Bar No. 0085133
*aleonard@trenam.com*
Brigid A. Merenda
Florida Bar No. 0320500
*bmerenda@trenam.com*
TRENAM, KEMKER, SCHARF, BARKIN,
FRYE, O'NEILL & MULLIS, P.A.
101 E. Kennedy Boulevard, Suite 2700
Tampa, FL 33602
Tel.:   813.223.7474
Fax:   813.229.6553

**CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing was electronically filed on August 21, 2018, with the Clerk of Court through the CM/ECF system that will provide notice to all parties of record.

            */s/ Anna B. Naydonov*
            Anna B. Naydonov